# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CAFÉ REAL ESTATE, LLC and BELLABOOM LLC, | ) ) ) |
| Plaintiff, | ) Case No. 16 CV 6150 ) |
| vs. | ) ) ) |
| VSP NORTH AMERICA LLC; VSP FLORIDA LLC; JOHN VON STACH; and RYAN WALKER, | ) ) ) ) |
| Defendants. | |

## COMPLAINT

CAFÉ REAL ESTATE, LLC ("CRE") and BELLABOOM LLC ("Bellaboom," collectively "Plaintiffs") by and through their attorney, Meghan M. Hubbard, complains of Defendants VSP NORTH AMERICA LLC ("VSP"); VSP FLORIDA LLC ("VSP- FL"), JOHN VON STACH ("Von Stach") and RYAN WALKER ("Walker") as follows:

### PARTIES, JURISDICTION AND VENUE

1.      CRE is an Illinois limited liability company authorized to do business in Illinois, with its principal place of business located at 760 Village Center Drive, Burr Ridge, Illinois.

2.      Bellaboom in a Delaware limited liability company authorized to do business in Illinois with its principal place of business located at 760 Village Center Drive, Burr Ridge, Illinois.

1

3.      VSP is a Michigan limited liability company with its principal place of business at 3547 Alpine Ave., NW #148, Grand Rapids, MI 49544.

4.      VSP-FL is a Florida limited liability company.  VSP-FL was involuntarily dissolved on September 11, 2015 for failure to file its annual report.  VSP-FL's principal place of business is 2420 Enterprise Road, Clearwater, Florida.

5.      Von Stach is a Canadian citizen who resides at 130 Hood Street, Sault Ste. Marie, Ontario, Canada.

6.      On information and belief, Von Stach is the sole member of VSP.

7.      Walker is a Canadian citizen who maintains an office 3547 Alpine Ave., NW #148, Grand Rapids, MI 49544.

8.      Walker is the sole member of VSP-FL.  Walker is also the National Accounts Manager for VSP.

9.      This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367(a).

10.     The agreements and transactions at issue in this case occurred in this judicial district.  Therefore, venue lies in this judicial district pursuant to 28 U.S.C. §1391(b).

## COUNT I
### (CRE Breach of Contract Against VSP and VSP-FL)

11.     VSP develops, manufactures and sells green energy electronic products, including, without limitation, solar power and wind power mobile generators for household use.

12.     In approximately January 2015, VSP, Von Stach and Walker placed or caused to be placed an advertisement in the USA Today, a nationally circulated newspaper, soliciting

investors to purchase its accounts receivables at a discount.   VSP, Von Stach and Walker advertised that the receivables were insured and would be due within 90 days.

13.     In response to the advertisement, representatives of CRE and Bellaboom contacted Von Stach on January 16, 2015.

14.     In email correspondence to representatives of CRE and Bellaboom sent January 21-22, 2015, Von Stach represented that VSP was selling its receivables at a 20% discount from face value to fund manufacturing for new orders and that the receivables were insured.  Von Stach further represented that receivables were due within 90 days.

15.     Von Stach promised a return within 90 days - "Making 20% every 90 days is a very lucrative opportunity, that is actually 25% return on your money. For example if you were to buy a 100k invoice you would pay 80k, then the dealer would pay you directly the 100k in 90 days, so you just made 20k off your 80k. 20k is 25% of 80k so you made a 25% return on that contract. So as a business these are net 90 day contracts so you turn your money 4 times per year which turns out ot [sic] be a 100% return."

16.     Von Stach stated "The program is very simple, we sell you or your company the contracts at a straight 20% discount.  The dealer signs the new invoice and notice of assignment with all your payment information on it.  The dealer pays you directly at the end of the 90 days the full amount of the invoice.  The insurance company lists you on the policy on every account you purchase."  Von Stach further stated "Our program is a little different as we have credit insurance on all our dealers.  Not only is the dealership guaranteeing the payment but we also have the insurance to back them up."

17.     Von Stach represented that the invoices were not consignment sales and the

3

dealers could not return the products.

18.     On or about February 17, 2015, representatives from Bellaboom and CRE met with Von Stach and Walker in Sault Sainte Marie, Ontario, Canada.

19.     At that meeting, Von Stach represented that VSP was selling its receivables for invoices that had shipped or were about to ship and that payment would be due within 90 days. In this way, Von Stach boasted, that he was able to manage his cash flow, maintain sufficient capital to continue production, and to avoid the need to take on debt with traditional commercial financing.

20.     Neither Von Stach nor Walker advised Plaintiffs that the accounts being sold were consignment agreements for which payment would be due from the dealer/vendor only upon a sale of VSP's equipment to a third party.

21.     Neither Von Stach nor Walker advised Plaintiffs that there were any issues with production, inventory or shipping such that VSP could not fulfil the assigned invoices.

22.     Von Stach provided references for other investors who had purchased his receivables.

23.     Based on VSP's, and Von Stach's representations and Walker's failure to correct any misrepresentations, CRE entered into an agreement to purchase certain accounts receivable from VSP for a total payment of $78,781.60.

24.     Pursuant to the agreement, VSP was to assign valid accounts receivable to CRE with a face value of $98,477.

25.     At Von Stach's direction, CRE wired a total of $78,781.60 to VSP's account for the purchase of valid accounts receivable with a face value of $98,477.

4

26.     VSP-FL purported to assign accounts receivable for Flexera Inc. ("Flexera") and Travelers Rest Generators ("Travelers") LLC to CRE.

27.     VSP and VSP-FL failed to ship any products to Flexera or Travelers. Accordingly, neither VSP nor VSP-FL had a valid receivable from Flexera or Travelers to be assigned to CRE.

28.     VSP and VSP-FL purported to cure its default by assigning new invoices to CRE for Power Equipment and Supply ("Power"), 1st State Accessibility LLC ("1st State") and J&J Refrigeration ("J&J"). However, VSP and VSP-FL failed to ship any products to Power, 1st State and J&J. Again, neither VSP nor VSP-FL had a valid receivable for Power, 1st State or J&J that could be assigned or sold to CRE.

29.     VSP and VSP-FL have failed and refused to assign valid accounts receivables to CRE of at least $98,477.

30.     CRE has incurred damages as a result of VSP's and VSP-FL's breach of the agreement to assign valid accounts receivable to CRE in exchange for payment to VSP of $98,477.

WHEREFORE, CAFÉ REAL ESTATE, LLC respectfully requests that this Court enter judgment in its favor, and against VSP North America LLC and VSP Florida LLC, jointly and severally, in the amount not less than $98,477, plus interest, costs and attorneys' fees as accrued, and for such other and further relief as this Court may deem appropriate under the circumstances.

## COUNT II
### (Bellaboom Breach of Contract Against VSP and VSP-FL)

31.     Plaintiffs reallege and incorporate by reference all other allegations of this Complaint, except those that are inconsistent with the relief requested in this Count.

32.     Based on VSP's, and Von Stach's representations and Walker's failure to correct any misrepresentations, Bellaboom entered into an agreement to purchase certain accounts receivable from VSP for a total payment of $392,555.20.

33.     Pursuant to the agreement, VSP was to assign valid accounts receivable to Bellaboom with a face value of $490,694.

34.     At Von Stach's direction, Bellaboom wired a total of $392,555.20 to VSP's account for the purchase of valid accounts receivable with a face value of $490,694.

35.     VSP-FL purported to assign accounts receivable for Gentech Emergency Power ("Gentech"), Short Circuit Solar.com LLC ("Short Circuit"), Central Florida Solar, LLC ("CFS"), Buzz Battery ("Buzz"), Solar Marine, LLC ("Solar"), East Coast Generator ("ECG") and Atlantic Green Energy ("Atlantic," collectively, the "Bellaboom Accounts") to Bellaboom.

36.     VSP and VSP-FL failed to ship any products to Gentech, Short Circuit, CFS, or Buzz, and the shipment to Solar is incomplete.  Further, the products shipped to ECG and Atlantic were sent on consignment and ECG and Atlantic are not obligated to pay any invoice from VSP or VSP-FL unless and until the products are sold to a third party.  Accordingly, neither VSP nor VSP-FL had any receivables from the Bellaboom Accounts to assign to Bellaboom.

37.     VSP and VSP-FL purported to cure their default by assigning new invoices to Bellaboom, including invoices for Hagss Industrial ("Hagss") and One Planet Solar Wind Inc. ("One Planet").   However, VSP and VSP-FL again failed to ship any products to Hagss and One Planet, and therefore, had no receivable that could be assigned or sold to Bellaboom.

38.     VSP and VSP-FL have failed and refused to assign valid accounts receivables to Bellaboom of at least $490,694.

39.     Bellaboom has incurred damages as a result of VSP's and VSP-FL's breach of the agreement to assign valid accounts receivable to Bellaboom.

WHEREFORE, BELLABOOM LLC respectfully requests that this Court enter judgment in his favor, and against VSP North America LLC and VSP Florida LLC, jointly and severally, in amount not less than $490,694, plus interest, costs and attorneys' fees as accrued, and for such other and further relief as this Court may deem appropriate under the circumstances.

### COUNT III
### (Common Law Fraud Against VSP, VSP-FL, Von Stach and Walker)

40.     Plaintiffs reallege and incorporate by reference all other allegations of this Complaint, except those that are inconsistent with the relief requested in this Count.

41.     Von Stach and Walker, individually, and on behalf of VSP and VSP-FL represented to CRE and Bellaboom that they were selling current accounts receivable for purpose of raising capital to manufacture generators to fulfill future orders.

42.     Von Stach and Walker knew at the time they made the representations to CRE and Bellaboom that (1) VSP had no accounts receivable, (2) the VSP-FL accounts transferred to CRE and Bellaboom were not valid receivables, (3) that VSP and VSP-FL lacked sufficient capital and inventory to fulfill the orders that VSP and VSP-FL assigned to CRE and Bellaboom and (4) that products were shipped to the distributors on consignment and, therefore, no money was due on the invoice unless the distributor sold the product to a third party.

43.     Rather, VSP, Von Stach and Walker used the $471,336.80 that CRE and Bellaboom transferred to VSP to purchase the accounts to fund the production of generators to fulfill other orders for accounts retained by VSP.

7

44. At the time Defendants purported to assign VSP-FL accounts to CRE and Bellaboom, Walker and Von Stach, on behalf of themselves and represented that the invoices to its distributors and customers were for valid receivables, that the VSP products had shipped and that the receivables were due in 90 days.

45. Von Stach and Walker both told representatives of CRE and Bellaboom that the assigned invoices were for dealer stock purchases and were not being sold to the dealers on consignment.

46. CRE and Bellaboom entered into the investment and purchased the accounts in reliance on the representations of Von Stach and Walker, individually and on behalf of VSP and VSP-FL that the accounts assigned to them were valid receivables and payment was due within 90 days.

47. Von Stach's and Walker's misrepresentations, made individually and on behalf of VSP and VSP-FL, and/or the misappropriation of the $471,336.80 that CRE and Bellaboom transferred proximately caused the loss of CRE and Bellaboom's investment.

WHEREFORE, CAFÉ REAL ESTATE, LLC and BELLABOOM LLC, respectfully request that this Court enter judgment in their favor, and against VSP North America LLC, VSP Florida LLC, John Von Stach and Ryan Walker, jointly and severally, including punitive damages, attorneys' fees and costs, and for such other and further relief as this Court may deem appropriate under the circumstances.

## COUNT IV
### (Securities Fraud - 10b5 Against VSP, VSP-FL, Von Stach and Walker)

48. Plaintiffs reallege and incorporate by reference all other allegations of this

Complaint, except those that are inconsistent with the relief requested in this Count.

49.    Von Stach and Walker, individually and on behalf of VSP and VSP-FL made material misrepresentations regarding the purpose of the investment and the status of accounts assigned to CRE and BELLABOOM.

50.    Among other things, the misrepresentations included the false statements in the advertisements placed in USA Today and the representations made directly to CRE and Bellaboom, including the statement that the accounts transferred were receivables owed to VSP and that the amount invested would be repaid within 90 days.

51.    At the time Von Stach and Walker, individually and on behalf of VSP and VSP-FL, made the representation to CRE and Bellaboom, Defendants knew that (1) VSP had no receivables to transfer to CRE and Bellaboom, (2) that the VSP-FL had no receivables for the accounts transferred to CRE and Bellaboom, (2) and that neither VSP nor VSP-FL had the intention or ability to fulfill any invoices for the accounts that were assigned to CRE and Bellaboom.

52.    VSP, VSP-FL, Von Stach and Walker knew and intended that the statements regarding the purpose of the investment, timing of repayment and the status of accounts assigned to CRE and Bellaboom were false.  They did this to induce CRE and Bellaboom to make the investment.

53.    The representations of Von Stach and Walker, made individually and on behalf of VSP and VSP-FL, were made in connection with the sale or purchase of a security - specifically, the assignment of receivables pursuant to Article 9 of the Uniform Commercial Code - and involved the use of U.S. Mail, wire transfers, interstate communications by publication in a

nationally circulated newspaper, and other means or instruments of interstate commerce.

54.     CRE and Bellaboom reasonably relied upon the false statements made by Von Stach and Walker, individually and on behalf of VSP and VSP-FL.  CRE and Bellaboom had no basis to know that such statements were false.

55.     Von Stach's and Walker's misrepresentations, made individually and on behalf of VSP and VSP-FL, and/or the misappropriation of the $471,336.80 that CRE and Bellaboom transferred proximately caused the loss of CRE and Bellaboom's investment.  Had VSP, VSP-FL, Von Stach and Walker not made such misstatements and misrepresentations, CRE and Bellaboom would not have made the investments.

WHEREFORE, CAFÉ REAL ESTATE LLC and BELLABOOM LLC respectfully request that this Court enter judgment in their favor, and against VSP North America LLC, VSP Florida LLC, John Von Stach and Ryan Walker, jointly and severally, including attorneys' fees and costs, and for such other and further relief as this Court may deem appropriate under the circumstances.

## COUNT V
### (Illinois Consumer Fraud and Deceptive Practices Act)

56.     Plaintiffs reallege and incorporate by reference all other allegations of this Complaint, except those that are inconsistent with the relief requested in this Count.

57.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (the "Consumer Fraud Act") is a regulatory and remedial statute intended to protect consumers against fraud, unfair methods of competition, and other unfair and deceptive business practices.

58.     Von Stach and Walker, individually and on behalf of VSP and VSP-FL made misrepresentations to CRE and Bellaboom regarding the purpose of the investment and the status of the accounts assigned to CRE and Bellaboom.

59.     Von Stach and Walker intended that CRE and Bellaboom rely on their misrepresentations to induce their investment.

60.     Von Stach's and Walker's misrepresentations were made in the course of conduct involving trade or commence.

61.     The conduct of VSP, VSP-FL, Von Stach and Walker has a substantial nexus to Illinois consumers in that VSP, Von Stach and Walker solicited a personal investment opportunity to Illinois consumers, including CRE and Bellaboom.

62.     Von Stach's and Walker's misrepresentations, made individually and on behalf of VSP and VSP-FL, and/or the misappropriation of the $471,336.80 that CRE and Bellaboom transferred proximately caused the loss of CRE and Bellaboom's investment.  Had VSP, VSP-FL, Von Stach and Walker not made such misstatements and misrepresentations, CRE and Bellaboom would not have made the investments.

WHEREFORE, CAFÉ REAL ESTATE LLC and BELLABOOM LLC, respectfully requests that this Court enter judgment in their favor, and against VSP North America LLC, VSP Florida, LLC, John Von Stach, and Ryan Walker, jointly and severally, including punitive damages, attorneys fees' and costs, and for such other and further relief as this Court may deem appropriate under the circumstances.

11

Dated: June 13, 2016                    Respectfully submitted,

                                        CAFÉ REAL ESTATE, LLC and
                                        BELLABOOM LLC ,


                                        By: /s/Meghan M. Hubbard
                                            One of Their Attorneys

Meghan M. Hubbard (6275155)
Law Office of Meghan M. Hubbard
105 W Madison, Suite 1500
Chicago, Illinois 60602
312-273-1540
Meghan@hubbardlawchicago.com

Law Office of Meghan M. Hubbard
760 Village Center Drive
Suite 200
Burr Ridge, IL 60527
312-273-1540
Meghan@hubbardlawchicago.com