```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

Café Real Estate LLC, and       )
Bellaboom LLC                   )
                                )
            Plaintiffs,          )
    v.                           )    No. 16 C 6150
                                )
VSP North America LLC, VSP      )
Florida LLC, John Von Stach,    )
and Ryan Walker,                )
                                )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

In this action, plaintiffs allege that defendants committed securities fraud and common law fraud, violated the Illinois Consumer Fraud and Deceptive Practices Act, and breached their contracts with plaintiffs by selling plaintiffs VSP's discounted accounts receivables, knowing that the receivables would not be paid. Before me is defendants' motion to dismiss for lack of personal jurisdiction, which I deny for the following reasons.

I.

According to the complaint, VSP manufacturers "green energy" products, including solar and wind powered mobile generators, which it sells through a network of dealers. Defendants Von Stach, a Canadian citizen who lives in Ontario, and Walker, a Canadian citizen who maintains an office in

Michigan, are, or were, principals of the corporate defendants.[1] The complaint alleges that defendants placed an advertisement in USA Today soliciting investors to purchase its accounts receivables at a discount. Cmplt. ¶ 12. Plaintiffs' corporate representative responded to the ad by email, and over the course of a subsequent email exchange, Von Stach explained that the offer was for investors to purchase one or more receivables from VSP at a twenty-percent discount, after which VSP would assign the right to receive payment on the receivable(s) to the purchasing investors, which would then recover face value directly from VSP's dealers. Von Stach represented that the receivables were fully insured; that they were for product sales to VSP's dealers for the dealers' own stock, and were not consignment sales, nor could the products be returned to VSP by the dealers; and that each receivable was due within 90 days.

Relying on the foregoing representations, and after visiting defendants' facility in Ontario, plaintiffs then purchased a number of accounts receivables from VSP-FL, only to discover that defendants never shipped any products to several of the dealers from whom plaintiffs expected to receive payment; that defendants had shipped products on consignment to several

---

[1] Walker was allegedly the sole member of VSP-FL, a Florida limited liability company that was involuntarily dissolved on September 11, 2015, for failure to file its annual reports. Cmplt. at ¶ 4.

other dealers; and that they had made only a partial shipment to one dealer. Accordingly, defendants had no valid receivables from the dealers whose accounts they purported to sell to plaintiffs. Defendants purported to "cure" their default by assigning plaintiffs new invoices for sales to different dealers, but those, too, were for products that VSP never shipped, so the receivables were similarly without substance.

Plaintiffs assert that Von Stach and Walker knew at the time they made the representations on which plaintiffs based their decision to enter into these transactions that (1) VSP had no accounts receivable; (2) the VSP-FL accounts transferred to plaintiffs were not valid receivables; (3) that defendants lacked sufficient capital and inventory to fulfill the orders corresponding to the assigned receivables; and (4) that the products that were shipped were sold on consignment.

Defendants argue that the complaint's allegations conclusively establish that personal jurisdiction over them is lacking.

## II.

A federal court exercising diversity jurisdiction has personal jurisdiction over a defendant to the extent that a court of the state in which it sits—Illinois in this case—would have such jurisdiction. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855 n. 2 (7th Cir. 2011). Because Illinois allows

for personal jurisdiction to the full extent consistent with due process, the federal constitutional and state statutory inquiries merge. *See Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). "The plaintiff has the burden of establishing personal jurisdiction, and where, as here, the issue is raised by a motion to dismiss and decided on the basis of written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id*. Accordingly, I "take as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." *Id*.

Although jurisdiction may be general or specific, only specific jurisdiction is at issue here. Specific jurisdiction requires plaintiffs to establish three elements: 1) that defendants purposefully availed themselves of the privilege of conducting business in Illinois, or purposefully directed their activities at Illinois; 2) that the alleged injury arose from defendants' forum-related activities; and 3) that the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

In response to defendants' motion, plaintiffs have submitted the affidavit of Barry Edmonson, who states he is the controller for plaintiff Bellaboom and an agent of plaintiff

4

Café Real Estate. Defendants do not offer any evidence to dispute the facts set forth in the Edmonson affidavit. Instead, they argue that the facts asserted are insufficient to support jurisdiction a matter of law. I disagree.

In his affidavit, Edmonson states that over an eighteen-month period, he and his colleague, Joseph Canfora, exchanged numerous emails with Von Stach in which Von Stach explained the terms of the offer and made the representations described above. Exhibits attached to the affidavit show that both Canfora's and Edmonson's signature blocks identify their location as Burr Ridge, Illinois. Edmonson also states that beginning in February of 2015, plaintiffs made multiple wire transfers from their bank accounts in Illinois to VSP North America, pursuant to Von Stach's instructions. Exhibits attached to the affidavit also show that when defendants assigned invoices to plaintiffs, they provided their dealers with plaintiffs' Illinois bank account information for payment of the invoices.

In addition, Edmonson states that Von Stach and Walker met with plaintiffs twice in Burr Ridge, Illinois: once on July 8, 2015, and again on February 14, 2016. Around the time of the July meeting (according to the affidavit, the parties met several times in July of 2015, but only once in Illinois), the parties discussed several other deals, one of which contemplated jointly forming an Illinois limited liability company. Another

5

involved further investment by plaintiffs in VSP invoices and a plan for repayment of the VSP entities' outstanding obligations to plaintiffs. Neither of these deals closed, but the parties continued to work together until at least February 14, 2016.

As noted, defendants do not dispute any of the above facts, which I conclude satisfy all three requirements for personal jurisdiction. In their reply, defendants point, in succession, to the various types of case-related forum contacts the Edmonson affidavit identifies, and insist that none of them, alone, supports personal jurisdiction. This argument fails to appreciate, however, that defendants' case-related contacts with Illinois must be viewed in the aggregate. Accordingly, their arguments that: 1) injuries felt in the forum state *alone* are insufficient, *see* Reply at 2; 2) defendants' emails to plaintiffs *alone* are insufficient, *id.*, at 3; and 3) defendants' two meetings with plaintiffs in Illinois *alone* are insufficient, *id.*, at 3-4, ring hollow. Moreover, the cases on which defendants rely are factually distinct and did not address the kinds of ongoing conduct directed to the forum that the Edmonson affidavit articulates. *See Advanced Tactical Ordnance Systems LLC v. Real Action Paintball, Inc.*, 751 F.3d 799 (7th Cir. 2014) (placement of advertisements in non-geographically restricted publications, email "blasts" received by forum residents, fulfillment of orders placed by forum residents, and maintenance

of interactive website insufficient to support personal jurisdiction); *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041 (N.D. Ill. 2015) (allegedly tortious statements about plaintiff published on defendant's website and communications primarily initiated by plaintiff insufficient).

The facts set forth in the Edmonson affidavit are closer to those at issue in *Felland*, where the plaintiffs invested in a real estate project in reliance of misrepresentations the defendants made over the course of years. In addition, *Felland* makes clear that in cases such as this, where the plaintiffs' claims include an intentional tort such as fraud, communications "expressly aimed at the forum state" that contain intentional misrepresentations can support jurisdiction. 682 F.3d at 674-75 and n. 3. Moreover, defendants were plainly aware that plaintiffs' injury would be felt in Illinois, as that is where the bank accounts from which payments were made to defendants are located.

Finally, defendants argue that personal jurisdiction over Von Stach and Walker is inappropriate because they cannot be held personally liable on a veil-piercing theory. But whether veil-piercing is appropriate is a separate issue from personal jurisdiction, and, indeed, none of the cases they cite in this connection addresses personal jurisdiction.

III.

For the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 1, 2017